# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JOSE C. MARRERO,

      Petitioner,

v.                                     Case No. 8:08-CV-596-T-27MAP

WALTER MCNEIL,

      Respondent.

_____/

## ORDER

Petitioner, a State of Florida inmate proceeding *pro se*, filed a Petition for Writ of Habeas Corpus on March 28, 2008 (Dkt. 1). The Court ordered Petitioner to file an amended petition (Dkt. 3). On April 30, 2008, Petitioner filed his amended petition (Dkt. 4). After reviewing the amended petition, the Court determined that the amended petition may be time barred, and ordered the Respondent to file a limited response addressing solely whether Petitioner's amended petition was time barred (Dkt. 6). Respondent filed a limited response, supported by numerous documents, in which Respondent argued that Petitioner's amended petition is time barred (Dkt. 10). Although instructed to file a reply to Respondent's limited response (See Dkt. 6 at pg. 3 ), Petitioner did not file a reply. The Court determines that this action must be dismissed as time barred.

### Background

Petitioner was convicted of attempted trafficking in heroin and possession of heroin with intent to sell (Dkt. 10, Ex. 2). In December 2001, the trial court sentenced Petitioner as a habitual felony offender to 30 years imprisonment on the attempted trafficking charge, and 15 years imprisonment on the possession with intent to sell charge, both terms to run concurrent (Id.).

Petitioner appealed, and on January 3, 2003, the appellate court affirmed the convictions and sentences (Dkt. 10, Ex. 3); *Marrero v. State*, 912 So. 2d 1229 (Fla. 2d DCA 2003)[table]. The appellate court mandate issued on March 17, 2003 (Dkt. 10, Ex. 4).

On May 1, 2003, Petitioner filed a petition claiming ineffective assistance of appellate counsel (Dkt. 10, Ex. 5). On December 31, 2003, the Second District Court of Appeal of Florida granted Petitioner's petition claiming ineffective assistance of appellate counsel, and remanded the case to the trial court for resentencing (Dkt. 10, Ex. 7); *Marrero v. State*, 864 So. 2d 1131, 1132 (Fla. 2d DCA 2003).

In June 2004, the trial court resentenced Petitioner. *See Marrero v. State*, 967 So. 2d 934, 935 (Fla. 2d DCA 2006). Petitioner appealed, and the appellate court affirmed the new sentence on October 12, 2005. *See Marrero v. State*, 912 So. 2d 1229 (Fla. 2d DCA 2005)[table]. The appellate court mandate issued in November 2005. *See Marrero v. State*, 967 So. 2d 934, 935 (Fla. 2d DCA 2006).

Petitioner filed an application for postconviction relief pursuant to Fla. R. Crim. P. 3.850 ("3.850 motion") on March 1, 2006 (Dkt. 10, Ex. 9). On September 26, 2006, the postconviction court denied the 3.850 motion as untimely (Dkt. 10, Ex. 10). Petitioner appealed, and on August 31, 2007, the appellate court affirmed the postconviction court's denial of Petitioner's 3.850 motion because it was untimely. *See Marrero v. State*, 967 So. 2d at 935-37 (Fla. 2d DCA 2006). The appellate court mandate issued on December 6, 2007 (Dkt. 10, Ex. 13).

Petitioner filed the § 2254 petition now before the Court on March 28, 2008. [1] Having

---

[1]Although Petitioner's original petition was filed with the Court on March 31, 2008, Petitioner delivered his petition to prison officials for mailing on March 28, 2008 (Dkt. 1 at p. 1). Under the mailbox rule set out in *Houston v. Lack*, 487 U.S. 266 (1988), a document is deemed filed by a pro se prisoner when it is delivered to prison

2

reviewed the petition, the amended petition, the Respondent's limited response/motion to dismiss, and the documents attached thereto, the Court determines that the petition is barred under 28 U.S.C. § 2244(d).

## Standard of Review

State prisoners whose convictions became final after April 24, 1996, the effective date of the AEDPA, have one year from the latest of any of four events to file a § 2254 petition: (1) the date on which the conviction became final; (2) the date on which any state-imposed impediment to filing the petition is removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). These limitation provisions are applicable to Petitioner's claim because the petition was filed after the AEDPA's enactment date.

## Discussion

Petitioner's judgment of conviction became final on January 10, 2006 (ninety days after the appellate court affirmed Petitioner's resentencing judgment on October 12, 2005).[2] See Rules of the Supreme Court of the United States, Rule 13.3; see also *Chavers v. Sec. Dept. of Corrections*, 468

---

authorities for forwarding to the court.

[2]*See Ferreira v. Sec'y, Dep't of Corr.*, 494 F. 3d 1286, 1293 (11th Cir. 2007)("AEDPA's statute of limitations begins to run when the judgment pursuant to which the petitioner is in custody, which is based on both the conviction *and the sentence* the petitioner is serving, is final.")(emphasis added).

F.3d 1273, 1275 (11th Cir. 2006).[3] Therefore, Petitioner had one year from the date his judgment pursuant to which he is in custody became final to file a federal habeas petition, or until January 10, 2007, unless Petitioner availed himself of one of the statutory provisions which extends or tolls the time period. 28 U.S.C. § 2244(d)(2).

On March 1, 2006, Petitioner filed his 3.850 motion for postconviction relief. The 3.850 motion, however, was denied as untimely. Petitioner appealed. The appellate court affirmed the postconviction court's denial of the 3.850 on the ground that is was untimely. Petitioner's 3.850 motion does not qualify as a statutory tolling application within the meaning of § 2244(d)(2). The Supreme Court has clearly held that an application for state postconviction or collateral relief is not "properly filed" if it was rejected by the state court on statute-of-limitations grounds. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005)(holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed. "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id.*, 544 U.S. at 414 (citation omitted). See also *Gorby v. McNeil*, 530 F.3d 1363, 1366-68 (11th Cir. 2008) (an untimely petition is not a "properly filed" application for state postconviction relief or other collateral review, and does not toll the § 2254 limitations period).

Therefore, between January 10, 2006, and the filing of the original § 2254 petition on March

---

[3]Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

28, 2008, 806 days elapsed which was not tolled before Petitioner filed his original § 2254 petition. Since the original § 2254 petition was filed 806 days after Petitioner's state court judgment became final, it was filed well beyond the one-year limitations period and is untimely. Thus, the petition is clearly time barred under 28 U.S.C. § 2244(d)'s one-year limitation period unless Petitioner demonstrates that he is entitled to equitable tolling.

The Supreme Court has never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations. *See Pace*, 544 U.S. at 418 (because respondent assumed equitable tolling applied and because petitioner was not entitled to equitable tolling under any standard, Court assumed without deciding its application for purposes of case). The Eleventh Circuit has held Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Petitioner's case does not implicate any extraordinary circumstance beyond a petitioner's control which has made it impossible for him to file his petition for writ of habeas corpus in a timely manner. See *Helton v. Sec'y for the Dep't of Corr.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001) (holding that "[t]he 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction."). Petitioner does not allege any extraordinary circumstance that would have prevented his filing a timely federal petition.

5

## Conclusion

For the foregoing reasons, the Court determines that the petition is untimely pursuant to 28 U.S.C. § 2244(d). Because the petition is barred by statute, the deficiency cannot be cured by amendment or discovery.

ACCORDINGLY, the Court **ORDERS** that:

1. This action is **DISMISSED** as time barred.

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE and ORDERED** in Tampa, Florida, on _August 3rd_ , 2009.


JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: *Pro se* Petitioner
        Counsel of Record

6