UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE C. MARRERO,

    Petitioner,

v.                            Case No. 8:08-CV-596-T-27MAP

WALTER MCNEIL,

    Respondent.
_____/

## ORDER

This matter is before the Court for consideration of Petitioner's Motion for Relief from Judgment (hereinafter "motion") (Dkt. 13). Petitioner moves the Court pursuant to Fed. R. Civ. P. 60(b) to vacate and set aside the judgment entered following the August 3, 2009 order dismissing his petition for writ of habeas corpus as time-barred (See Dkts. 11-12).

In his motion, Petitioner asserts that due to extraordinary circumstances beyond his control, he was unable to file a reply to the Respondent's June 4, 2008 motion to dismiss his amended petition for writ of habeas corpus as time-barred (See Dkt. 10). He requests, therefore, the Court vacate the judgment, and grant him an opportunity to file a reply to Respondent's motion to dismiss.

In support of his motion, Petitioner asserts that because he was transferred from Hamilton Correctional Institution ("HCI") to Cross City Correctional Institution ("CCCI"), he did not receive the Respondent's motion to dismiss until approximately two months after it was filed (Dkt. 13 at pg. 2). He then asserts that at no time while incarcerated at HCI or CCCI, did he have

possession of his legal papers as they were stored at HCI (Id. at pgs. 3-4). Petitioner next asserts that while in confinement at CCCI, he spoke with a law clerk and then submitted a motion for enlargement of time to file a reply to the motion to dismiss on July 13, 2008 (Id. at 4). Next, Petitioner states he was released from confinement, but then subsequently placed in confinement again until "the New Year Holidays." (Id.). Thereafter, "at the beginning of 2009, Petitioner suffered a heart attack and was sent to North Florida Regional Medical center in February of 2009." (Id.). Then, he was transferred to Lake Butler Reception Center and remained there "without his legal papers until 4-7-2009." (Id.). At some time thereafter, he was transferred back to CCCI where he was again placed in confinement.[1] He was released from confinement on June 22, 2009, but then received another disciplinary report and was returned to confinement (Id. at pgs. 4-5).[2] He did not have his legal papers or assistance from a law clerk until he was released from confinement on July 28, 2009 (Id. at pg. 5).

Petitioner argues that he has demonstrated extraordinary circumstances which were out of his control that justify relief from judgment, and an opportunity to file a reply to Respondent's motion to dismiss. The Court finds that Petitioner is not entitled to an order vacating the judgment.

Fed. R. Civ. P. 60(b) states:

Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
 (1) mistake, inadvertence, surprise, or excusable neglect;

---

[1] According to Petitioner's documents, he received a disciplinary report on April 20, 2009 for disobeying an order (Id. at Ex. G).

[2] Petitioner's documents show he received a disciplinary report on June 26, 2009 for disobeying an order (Id. at Ex. H).

2

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

To the extent Petitioner seeks relief pursuant to Rule 60(b)(1), i.e., excusable neglect in failing to file a timely reply to Respondent's motion to dismiss, the claim must be denied. Petitioner's explanation for failing to timely file a reply is insufficient to support a finding of excusable neglect. First, Petitioner is very vague regarding the dates and periods of time in which he was in confinement, and in which he was without his legal materials. Second, Petitioner's own allegations indicate that despite his placement in confinement, he did, at least during certain periods in confinement, have access to legal resources such as a law clerk. In fact, he alleges that while he was in confinement, he spoke with a law clerk and allegedly prepared a motion for extension of time to file his reply (Dkt. 13 at pg. 4; Ex. F).[3] Third, the allegations in Petitioner's "Motion for Enlargement of Time" belie his claims that he did not receive the Respondent's motion to dismiss until two months after it was filed, and "at no time at [HCI], or [CCCI], did the Petitioner have possession of any of his legal papers as they were stored at [HCI]." (Dkt. 13 at pg. 4). In his "Motion for Enlargement of Time" Petitioner admitted that while at CCCI, he received his legal papers from HCI on June 6, 2008, received the Respondent's response/motion to dismiss on June 8, 2008, and was released from confinement

---

[3]Petitioner's unsigned and undated Motion for Enlargement of Time was never received by this Court (See Dkt. 13 at Ex. F).

3

on June 18, 2008 (Id. at Ex. F - pg. 3). Petitioner fails to demonstrate that he did not have adequate access to his legal materials, or that he was otherwise unable to file a timely reply to Respondent's motion to dismiss.[4] Finally, with regards to Petitioner's claim that in 2009, he had a heart attack, Petitioner fails to show his health problems rendered him unable to file his reply, or a motion for an extension of time to file his reply. The Court concludes that Petitioner has failed to establish excusable neglect in failing to timely file a reply to Respondent's motion to dismiss. Consequently, he is not entitle to relief pursuant to 60(b)(1).

To the extent Petitioner seeks relief pursuant to Rule 60(b)(6), relief under 60(b)(6) is available only "upon a showing of exceptional circumstances." *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993). The party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citations omitted). Petitioner has failed to meet this heavy burden.

First, Petitioner's vague claims of denial of access to his legal materials during his time in confinement is insufficient to establish "exceptional circumstances." *Cf. Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004)("lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate.").

Second, Petitioner wholly fails to show any prejudice as a result of not filing a reply to

---

[4]The Court notes that Petitioner fails to provide the Court with any copies of administrative grievances showing that Petitioner complained to prison officials regarding his alleged inability to access his legal materials. According to the e-mail sent by the Department of Corrections to Petitioner's girlfriend in response to her inquiry, Petitioner "made no complaints regarding denial of access to his legal work." (Dkt. 13 at Ex. E).

4

Respondent's motion to dismiss. Petitioner appears to argue that this Court erred when it dismissed his petition for writ of habeas corpus because "the one-year limitations period under AEDPA did not begin to run until the appellate court issued its mandate on Petitioner's resentencing judgment." (Dkt. 13 at pg. 7). The Court did not err, however, because it specifically found that Petitioner's AEDPA limitation period did not begin to run until ninety days after the appellate court affirmed Petitioner's resentencing judgment (See Dkt. 11 at pg. 3).[5]

Moreover, Petitioner's argument that the "the dismissal of Petitioner's federal habeas has resulted in an unconstitutional suspension of the Great Writ of Habeas Corpus" is wholly without merit. The Eleventh Circuit has determined, as a general matter, that AEDPA's limitations period "is not an unconstitutional suspension of the writ of habeas corpus." *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. Fla. 2000).[6]

ACCORDINGLY, the Court **ORDERS** that Petitioner's Motion for Relief from Judgment (Dkt. 13) is **DENIED**.

**DONE and ORDERED** in Tampa, Florida, on  August 25th , 2009.

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

SA: sfc

Copy to: Petitioner *pro se*
Counsel of Record

---

[5] In fact, the date on which the Court determined the limitations period began to run, January 10, 2006, is later than the date on which Petitioner suggests that it started to run, i.e., November 2005, the date the appellate court issued its mandate after affirming Petitioner's resentencing judgment.

[6] Petitioner does not assert, nor present a colorable claim of, actual innocence.

5